**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth D. BRIDGES, Jerry Allen Estes, Homer Oscar Fancher, III, John A. Hodge, Jr., Paul Sullivan and James Levi Warner, Sr., Defendants-Appellants.**

No. 76–2834.

United States Court of Appeals, Fifth Circuit.

April 29, 1977.

John B. Farese, Ashland, Miss., for defendants-appellants.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, John R. Hailman, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The instant appeal was taken by six defendants below from their judgments of conviction and sentences,[1] after trial before a jury, for (Count One, as to all defendants) conspiring to prevent by force, intimidation and threats, employees of the U. S. Department of the Interior from discharging their duties to enforce Acts of Congress for the protection of game and other wild birds, including the investigation of dove shooting over baited fields[2] and for (Count Two, as to all defendants except Bridges, who was not charged, and Estes and Hodge, who were acquitted), having, aided and abetted by each other, forcibly assaulted, assisted, impeded, intimidated and interfered with the same Department of the Interior employees on account of the performance of their duties.[3] The substantive offense was charged to have occurred on September 20, 1975, the first day of the Mississippi dove-hunting season, in Winston County, in the Northern District of Mississippi, with the conspiracy alleged to have begun September 20 and continued to about September 28, 1975.

After a mistrial lasting six or seven days in December 1975, at which time charges against three other persons originally charged were disposed of,[4] and following one sixty day postponement at the motion of defense counsel, the case was tried to guilty verdicts as to the six remaining defendants May 10 to May 17, 1976. Both trials were held at Oxford in the Western Division of the Northern District of Mississippi, rather than at Aberdeen, in the Eastern Division without objection[5] from defense counsel, although Winston County, where the offenses occurred, is about 40 miles closer to Aberdeen than to Oxford.

The events leading to the indictment occurred when five United States Wildlife officers and Mississippi game wardens descended on 40 or 50 people shooting doves in

1. To pay fines ranging from $250.00 to $1000.00 and suspended confinement sentences ranging from 18 months to three years.

2. Title 18, U.S.C., § 372.

3. Title 18, U.S.C. §§ 2, 111, and 1114.

4. One, upon government motion to dismiss before the start of the first trial, and two others upon the granting by the court of defense motions for judgments of acquittal at the close of the government's case in chief.

5. The question of venue was first raised by defense counsel's motion for new trial, following the jury verdicts.

a 40 acre field belonging to the defendant James Levi Warner. The officers testified at both trials to finding numerous piles of wheat and cracked corn throughout the field several days earlier on September 16, 1975. There was much testimony—vigorously contested—as to threats and physical and verbal abuse by the defendants directed at the officers when they attempted to make arrests of the persons found shooting in the field.

We have carefully considered, in the light of the record, the several grounds of error urged on appeal: (1) that the defendants were denied a fair trial because of the bias and prejudice of the trial judge; (2) that it was error to set the case for trial at Oxford, Mississippi, in the Western Division of the district; (3) that reversible error occurred when the government was permitted to introduce testimony as to threatening telephone calls received by one of the investigating officers, commencing the evening of September 20, 1975, allegedly without a proper predicate, and further because of the inflammatory nature of one or more calls; (4) that prejudicial error resulted when the court unduly restricted the testimony of two defense witnesses (and original co-defendants) Oakley and Holton; (5) defense motions for judgment of acquittal and for directed verdicts were improperly denied, and (6) that the cumulative effect of the claimed trial errors and the insufficiency of the evidence deprived the defendants of a fair trial.

■ We find no reversible error in the trial judge's conduct of the case or in his contested trial rulings on the evidence, and the denial of trial and post-trial motions. The disputes in the evidence have been resolved against appellants by the jury's verdict, which we think was amply supported by the government's evidence.

■ As to the venue question, no objection was made prior to either trial to the place of trial selected, and no discernible prejudice to the appellants occurred.

■ We find unjustified by the record the appellants' criticism of the manner in which the trial judge presided at trial. The charges were hotly contested, and both government and defense counsel were subjected to his occasional admonitions and interruptions in the absence of objection. We think he conducted the trial with patience and that he interfered in the proceedings no more than was necessary to keep the trial under control. Several matters apparent on the record should be noted in connection with this ground of the appeal. No question was raised as to the conduct of the first trial by the same judge when a mistrial occurred, and no suggestion of disqualification was made between the two trials. We view the judge's granting of motions for judgment of acquittal for two original defendants as indicative of a lack of bias. Finally, the jury's acquittal of Estes and Hodge under Count Two at the second trial further negates any claim that the jury's impartiality was infected by the judge's biased attitude.

The other points raised by appellants are without arguable merit. The judgments appealed from are

AFFIRMED.