Bobby Keith WILLIAMS et al.,
Plaintiffs-Appellants,

v.

John HOYT et al., Defendants-Appellees.

No. 75–2418.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 12, 1977.

Joe H. Tonahill, Jasper, Tex., Macon D. Strother, Bill Weems, San Augustine, Tex., Bill Warren, Center, Tex., John H. Hannah, Claude E. Welch, Lufkin, Tex., Vernon J. Thrower, Houston, Tex., Robert L. Fairchild, Center, Tex., R. L. Whitehead, Longview, Tex., for defendants-appellees.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

SIMPSON, Circuit Judge:

The fifteen appellants [1] brought suit under Title 42, U.S.Code, Sections 1983 and 1985, against the Sheriff of San Augustine County, Texas, and four of his deputies,[2] alleging violations of their civil rights. Appellants also sued Western Surety Company, corporate surety of the defendants. The defendants moved to dismiss Western Surety and to transfer the action from the Tyler Division of the Eastern District of Texas, where it was originally brought, to the Beaumont Division of that district. The district court granted both of these motions.[3]

Bill F. Griffin, Jr., John R. Smith, Center, Tex., for plaintiffs-appellants.

Both parties moved at trial for directed verdicts, which were denied by the trial

1. Frederico Coronado; Robert McDaniel; Bobby Keith Williams; Randall Lee Heller; John Kelly Hairelson; David Cooley; Joseph Houston; Bobbie Jean Randall Roberts; Eugene Porter; Katie Mae Bratchett; Louise Henderson; Johnny Allen Byrd; Thomas J. Belser; William Oscar Cornish III and Amos Darrell Godeaux. The last two named, Cornish and Godeaux, are minors, represented in the suit by their respective parents as next friends.

2. John Hoyt, Sheriff; Robert Harrison, deputy; Robert McCroskey, deputy; Charles Martin, deputy; Dorothy Poss, deputy. At the time of trial, three of the four deputies were no longer associated with the San Augustine County Sheriff's Department.

 We were informed at oral argument in early 1977 that the appellee Hoyt was no longer sheriff, having been defeated for reelection in November 1976.

3. Western Surety Company was dismissed without prejudice. The record reveals that a lengthy dispute ensued upon defendants' motions to dismiss Western Surety and to transfer

the action to the Beaumont Division. These motions were originally denied by Judge William Wayne Justice. The case took some confusing procedural turns. The plaintiffs petitioned this Court for a writ of prohibition, against the defendants and Chief Judge Fisher of the Eastern District of Texas, styled *Williams et al. v. Fisher* and *Hoyt et al.*, No. 74–1786 (5th Cir., filed Apr. 25, 1974). By an unreported order we dismissed the petition without prejudice on the basis that the petition had become moot in view of developments in the district court. The plaintiffs later applied to this Court for leave to appeal from an interlocutory order, and on an amended original petition for writ of mandamus. The appeal was not allowed. A panel of this court directed that a judge from outside the Eastern District of Texas be designated to hear and dispose of the case. Senior U. S. Circuit Judge Joe Ingraham was later designated to sit as district judge in this case. Judge Ingraham dismissed Western Surety Company and transferred this action to the Beaumont Division.

court. At the end of a two week trial, the jury returned verdicts in favor of each of the defendants. This appeal followed the entry of judgment. We affirm.

At trial nine[4] of the appellants claimed that their civil rights were violated when the hair on their heads was sheared after they were arrested and placed in the San Augustine County jail. These facts were undisputed. The defendants below justified their actions on the basis of sanitary conditions of these nine appellants' hair at the time of arrest and confinement. The Sheriff and his deputies claimed that each of the appellants had "filthy and insect-infested" hair which was sheared under the Sheriff's jail regulations in the interest of "health, sanitation, and the maintenance of a clean, disease-free jail".

The other six appellants[5] complained of mistreatment while in the jail. Five of them claimed they were wrongfully "maced" (sprayed with mace). The appellants also contend that they were unlawfully arrested and falsely imprisoned. Most of the appellants[6] were arrested on misdemeanor charges and were released within a day or two after pleading guilty and paying a fine.

Numerous issues are raised on appeal.[7] After a careful examination of the voluminous record, we are not persuaded that the district court committed reversible error with respect to any of the issues raised.

■ Appellants initially urge that a new trial must be granted due to the trial judge's conduct. The trial judge commented freely during the course of the trial, on the evidence and on the proceedings in general. But none of these comments, when read in the context of the trial as a whole, *United States v. Gomez-Rojas*, 507 F.2d 1213 (5th Cir. 1975), cert. denied, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42, were so prejudicial to the appellants' case as to require reversal. The trial judge is the pre-

---

4. The nine are David Cooley, John Hairelson, Randall Lee Heller, Frederico Coronado, Robert McDaniel, Bobby Keith Williams, Amos Darrell Godeaux, William Oscar Cornish III, Thomas Belser. These incidents occurred between February 1973 and May 1974.

5. These six are: Joseph Houston, Katie Mae Bratchett, Louise Henderson, Bobbie Jean Randall Roberts, Eugene Porter, Johnny Allen Byrd. All except Houston allege they were unlawfully maced.

6. The two minors were picked up by sheriff's deputies after being reported as runaways.

7. The issues for our consideration, as stated by appellants, are:
(1) Whether there is a substantial likelihood that the conduct of the trial judge so prejudiced the jury that a new trial must be granted.
(2) Whether the evidentiary rulings of the trial court in admitting certain irrelevant and prejudicial evidence so prejudiced the jury that a new trial must be granted.
(3) Whether the argument of counsel for defendants was so inflammatory and prejudicial that a miscarriage of justice has in fact resulted . . .
(4) Whether the actions of defendants in shearing the hair to the scalp of plaintiffs . . . constitutes a violation of said plaintiffs' civil rights as a matter of law under 42 U.S.C. § 1983.

(5) Whether the arrest, confinement and treatment of certain plaintiffs violated the civil rights of said plaintiffs as a matter of law under 42 U.S.C. § 1983.
(6) Whether the Court erred in dismissing defendant Western Surety Corporation and in transferring this case from the Tyler Division to the Beaumont Division . . .
(7) Whether the Court erred in overruling the motion of plaintiffs for a directed verdict.
(8) Whether the Court erred in overruling the motion of plaintiffs for judgment, notwithstanding the verdict . . .
(9) Whether the Court erred in overruling the motion of plaintiffs for a new trial . .
(10) Whether the verdict is contrary to law.
(11) Whether the verdict is contrary to the evidence.
(12) Whether the verdict is contrary to the great weight and preponderance of the evidence.
(13) Whether the Court's charge and instructions to the jury was fundamentally wrong and was not a fair and proper statement of the law . . .
(14) Whether the Court should have instructed the jury to find for plaintiffs on the issue of liability and also instructed the jury to award each plaintiff damages against defendants for depriving plaintiffs of their liberty, and property (hair), and for mistreating plaintiffs, all without due process of law.

siding officer at a trial. He is charged with the duty "to participate directly in the trial, and to facilitate its orderly progress . ." *Adler v. United States,* 182 F. 464, 472 (5th Cir. 1910). He is permitted to comment on the evidence. *See Gomez-Rojas, supra.* In the instant case, in the interest of advancing the trial in an orderly fashion, the judge directed remarks both to counsel for plaintiffs and to counsel for defendants. In hindsight, some of his remarks to both counsel may appear unnecessary, or may show impatience. But we are confident that they were not prejudicial to either side and that reversal on this ground is not indicated. Most of the judge's comments were induced by the lapses of counsel in a long, hotly contested trial, and were no more than efforts to keep the trial within reasonable bounds. The record does not sustain a charge that the judge deviated from standards of strict impartiality. See, e. g. *United States v. Bridges et al.,* 551 F.2d 651, 653 (5th Cir. 1977).

■ The second ground urged, that the court erroneously admitted irrelevant and prejudicial evidence, is without substance. His determinations as to the relevance and admissibility of evidence were well within the broad discretion committed to him. *United States v. Linetsky,* 533 F.2d 192 (5th Cir. 1976); *United States v. Calles,* 482 F.2d 1155 (5th Cir. 1973). Relevancy is established by a showing that there is a "logical relationship between a proffered item of evidence and a proposition that is material or provable in a given case". *United States v. Allison,* 474 F.2d 286, 289 (5th Cir. 1972), cert. denied, 419 U.S. 851, 95 S.Ct. 91, 42 L.Ed.2d 82 (1974). The district court permitted broad cross-examination of all witnesses, a wise procedure in view of the issues raised.

■ Appellants next assert that defense counsel's closing argument was so prejudicial as to require a new trial. Appellants' counsel failed to object to any part of this argument, so as to permit the trial judge to rule on the propriety of counsel's argument and to caution the jury to disregard it, if required. Both sides aggressively presented colorful arguments to the jury, as was to be expected in a close contest involving emotional issues. In the absence of objection at the time reversal on this ground is clearly not indicated.

In their next several points on appeal appellants urge that the defendants' actions constituted a violation of appellants' civil rights as a matter of law under Title 42, U.S.Code, Section 1983, and that the court erred in overruling appellants' motions for directed verdict, judgment notwithstanding the verdict, and new trial. Also advanced are the catch-all stock boilerplate grounds that the verdict is contrary to the law and contrary to the evidence. There is no basis in the record for these contentions. The factual issues raised by conflicting evidence were submitted to the jury under appropriate instructions, as they should have been. The jury's verdict resolved the issues of fact against the appellants. No sound basis is presented for us to disturb that verdict.

■ The general rule is that courts should not interfere in the internal management or functions of state jails or prisons. *See Brooks v. Wainwright,* 428 F.2d 652, 653 (5th Cir. 1970); *Whirl v. Kern,* 407 F.2d 781, 796 (5th Cir. 1968), cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969). "Prison officials have broad discretion in the area of conditions of confinement". *Hill v. Estelle,* 537 F.2d 214, 215 (5th Cir. 1976). Defendants presented evidence demonstrating that the hair-cutting activities were steps taken only to ensure and promote sanitation in the jail facilities. We cannot rule, as a matter of law, that this action was so unreasonable or arbitrary, or that the officials so abused their discretion, as to justify judicial interference.[8] *See Brooks v. Wainwright, supra,* 428 F.2d at 653. Similarly, evidence was offered by the defendants demonstrating that mace was used only for the control of unruly prisoners

8. A doctor testified regarding the control of head lice and indicated that hair-cutting is not an unreasonable method of control.

and not for punishment or other purposes. Defendant officers testified that they arrested the plaintiffs in good faith and with probable cause. *See Pierson v. Ray*, 386 U.S. 547, 556–57, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967).

*Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969, en banc), set forth the standard for review of a district court's ruling on motions for a directed verdict and for judgment n. o. v.:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion . . . [I]f there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

". . . [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." (Footnotes omitted).

411 F.2d at 374–75. *See also Spurlin v. General Motors Corp.*, 528 F.2d 612 (5th Cir. 1976).

Our scrutiny of the record and our consideration of the evidence and the reasonable inferences raised by it in the light most favorable to the defendants leads us to conclude that a sufficient evidentiary basis for the jury's verdict is present.

The defendants' testimony indicated that their controversial actions were justified and were taken in good faith. While appellants' testimony may have raised doubt as to the credibility of the defendants and the necessity for their actions, the jury made acceptable credibility choices between con-flicting versions of the challenged incidents. We do not sit to review such determinations by juries. The jury's verdict here was not against the great weight of the evidence and the appellants' motions for new trial and for judgment n. o. v. were properly denied. *See Spurlin v. General Motors Corp., supra*, 528 F.2d at 620, citing *Cities Service Oil Co. v. Launey*, 403 F.2d 537, 540 (5th Cir. 1968): "[T]he district court should not grant a new trial motion unless the jury verdict is 'at least . . . against the *great* weight of the evidence.'" (emphasis in original).

 The sweeping generalization that the court's charge to the jury was "fundamentally wrong" and "not a fair statement of the law" does not require extended discussion. Appellants failed to object to the court's instructions.[9] "In the absence of a properly specific objection . . . a party cannot ordinarily claim error in the giving of an erroneous instruction or the failure to give a requested instruction." C. Wright & A. Miller, Federal Practice and Procedure, § 2553, at 639 (1971) (footnotes omitted); *see Indus. Dev. Bd. v. Fuqua Indus.*, 523 F.2d 1226 (5th Cir. 1975); rule 51, Fed.R.Civ.P. An appellate court can reverse on the basis of jury instructions to which there was not formal objection in two instances: (1) where plain error has been committed, resulting in a miscarriage of justice, *Nowell v. Dick*, 413 F.2d 1204, 1211 (5th Cir. 1969); or (2) where the party's "position has previously been clearly made to the court and it is plain that a further objection would be unavailing". C. Wright & A. Miller, *supra*, at 639–40. Viewing the jury charge as a whole, *Id.* § 2558, at 668, we find no plain error, "obvious mistake or serious deficiency affecting the fairness and integrity of a judicial proceeding". *United States v. Hill*, 496 F.2d 201, 203 (5th Cir. 1974). By not bringing possible errors to the trial judge's attention appellants deprived him of the opportunity to correct his instructions to the jury,

---

9. In response to the court's inquiry, after the jury charge was delivered, whether he had any objections, exceptions or requests, counsel for appellants replied specifically that there were none from plaintiffs.

effectively defeating the purpose of Civil Rule 51, *supra*. This assignment of error fails.

Finally, the contentions that the court erroneously dismissed, without prejudice, Western Surety Co., and wrongly transferred the lawsuit from the Tyler Division to the Beaumont Division are meritless. The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant. *See Gentry v. Smith*, 487 F.2d 571 (5th Cir. 1973). No reversible error occurred when the court dismissed Western Surety Co. as a party, without prejudice, in the interest of simplifying the trial issues. Once Western Surety Co. was dismissed, the Beaumont Division was the appropriate place to try the cases. All of the defendants resided in the Beaumont Division, and none in the Tyler Division, and the claim arose in San Augustine County, within the Beaumont Division. Compare Title 28, U.S. Code, Section 1391(b).

The judgment appealed from is in all respects

AFFIRMED.