IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10048
Summary Calendar

_____

BRIAN D. MCQUEEN,

                                        Plaintiff-Appellant,

versus

TIMOTHY REVELL, DR., in his individual capacity; WILLIAM
GONZALEZ, MD., in his individual capacity; DAVID BASSE, MD.,
in his individual capacity; CHARLES RIDGE, DR., in his
individual capacity; CARTER KARR, MD., in his individual
capacity; ET AL.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-88
--------------------
July 25, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Brian D. McQueen, Texas prisoner # 631997, appeals the

district court's dismissal, as frivolous and for failure to state

a claim, of his 42 U.S.C. § 1983 complaint concerning denied and

delayed medical care.

    Prison officials violate the constitutional prohibition

against cruel and unusual punishment when they demonstrate

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying Farmer to a denial-of-medical-care claim). Unsuccessful medical treatment, negligence, neglect, and medical malpractice are insufficient to give rise to a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). A prisoner's disagreement with his medical treatment is not sufficient to state a claim under § 1983. Varnado, 920 F.2d at 321.

McQueen repeats the detailed factual allegations, which he made in the district court, concerning denied or delayed treatment for his hepatitis C, hypoglycemia, abdominal nodules, and a nasal infection. He does not adequately brief any challenge to the district court's and magistrate judge's specific determinations as to why his factual allegations do not state a constitutional claim for deliberate indifference to serious medical needs. When an appellant fails to identify any error in

the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, McQueen has abandoned these issues by failing to brief them adequately.

McQueen contends that the facts he alleged showed a pattern of deliberate indifference. "[E]ach defendant's subjective deliberate indifference, vel non, must be examined separately." Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999). The alleged independent acts of negligence by each defendant do not demonstrate that each doctor knew that his acts or omissions subjected McQueen to an excessive risk of harm, yet responded to the risk with deliberate indifference, or that the defendants denied, substantially delayed, or intentionally interfered with McQueen's treatment.

McQueen argues that his dental-care claim against defendants Carter Karr, a dentist, and Romalee Barbaree, a dental hygienist, should not have been severed. The district court did not abuse its broad discretion in severing this claim, which does not arise out of the same occurrences related to McQueen's denied-or-delayed-medical-treatment claims, against these defendants, who were not involved in the other alleged incidents of deliberate

indifference to his medical needs.  See FED. R. CIV. P. 21;
Williams v. Hoyt, 556 F.2d 1336, 1341 (5th Cir. 1977).

The district court's dismissal of McQueen's complaint as
frivolous and for failure to state a claim on which relief can be
granted is AFFIRMED.

AFFIRMED.