**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11225
Conference Calendar

_____

TONY IRVINE,

Plaintiff-Appellant,

versus

JOE FERNALD; ET AL.,

Defendants,

BRUCE TONEY; NFN WILLIAMS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-167
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tony Irvine, Texas prisoner No. 1122042, appeals the

district court's dismissal of his pro se and in forma pauperis

civil rights complaint for failure to exhaust prison

administrative remedies as required by 42 U.S.C. § 1997e(a).

Irvine does not dispute that he has failed to comply with the

requirements of 42 U.S.C. § 1997e(a), but he argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his complaint with prejudice for purposes of proceeding in forma pauperis violates his right of access to the courts. Irvine also challenges the district court's decision to sever and transfer his claims against defendants employed at the Texas Department of Criminal Justice Wynne Unit to the Southern District of Texas, which is where those claims arose.

We find no error in the dismissal of claims for failure to exhaust prison administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The dismissal will have no effect on Irvine's ability to bring a paid complaint raising the same allegations. <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998). The decision to sever and transfer certain of Irvine's claims was within the district court's broad discretion. <u>Mills v. Beech Aircraft Corp.</u>, 886 F.2d 758, 761 (5th Cir. 1989); <u>Williams v. Hoyt</u>, 556 F.2d 1336, 1341 (5th Cir. 1977).

AFFIRMED.