**Frank OLIVA, et al., Plaintiffs,**

v.

**CHRYSLER CORPORATION, Defendant.**

**Civil Action No. H–97–1153.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 7, 1997.

Michael M. Phillips, Angleton, TX, George M. Fleming, Fleming, Hovenkamp & Grayson, Houston, TX, Joseph W. Phebus, Urbana, IL, D. Michael Campbell, Miami, FL, for plaintiffs.

Richard Hunt Gateley, McLean & Sanders, Fort Worth, TX, Charles A. Newman, Bryan Cave LLP, St. Louis, MO, for defendant.

### AMENDED ORDER

GILMORE, District Judge.

Pending before the Court is Plaintiffs' Motion to Remand (Instrument No. 9). After having reviewed the submissions of the parties and the applicable law, the Court concludes that Plaintiffs' motion should be **GRANTED**.

### I.

On June 11, 1996, Plaintiffs Frank Oliva, Alma Oliva, Jeffrey Thomas, Jan Thomas, Dawn H. Parker, Aubrey Sheppard, Edward Gable, Delaine Banks, Joseph K. Bagdonas, Shauna S. Huisman, George F. Becker, Patricia A. Tucker, Duff R. Tucker, Bruce Stein, Louise Kykendall, Edwin Chase, and Dennis Howe (hereinafter collectively referred to as "Plaintiffs") brought this class action in the 23rd Judicial District, Brazoria County, Texas, against Defendant Chrysler Corporation ("Chrysler") asserting claims based on negligence, breach of express warranty and breach of implied warranty. Plaintiffs allege that Chrysler's use of less expensive, water-based paint on Chrysler motor vehicles model years 1986 through 1995 caused various problems with the vehicle finish, including but not limited to "chipping, peeling, bubbling, blotching, discoloration, water spotting, whitening or fogging of the finish." (Instrument No. 1, at 2). Plaintiffs are residents of Michigan, Texas, Illinois, Oregon, and North Carolina and seek to represent all persons who previously owned or leased, presently own or lease, or will in the future own or lease an improperly painted Chrysler motor vehicle.

On July 24, 1996, Chrysler removed the action to federal court on the basis of diversity of citizenship. On November 19, 1996, Plaintiffs filed a motion to remand, contending that complete diversity does not exist because Plaintiffs Bruce Stein ("Stein"), Edwin E. Chase ("Chase"), and Dennis Howe ("Howe") (hereinafter collectively referred to as the "Michigan Plaintiffs") are citizens of Michigan, Chrysler's principal place of business. In response, Chrysler argues that although complete diversity did not exist at the time of removal, jurisdiction is nonetheless proper because the Michigan Plaintiffs "should either be disregarded for purposes of diversity jurisdiction or dismissed as dispensable parties." (Instrument No. 1 at 9). According to Chrysler, the Michigan Plaintiffs do not fall within the narrow category of parties who are indispensable under Rule 19, thus their presence in the pending action is not required and for purposes of determining jurisdiction their citizenship may be disregarded. Chrysler further argues that as dispensable parties, the Michigan Plaintiffs may properly be dismissed from the suit under Rule 21 in order to preserve diversity jurisdiction. Plaintiffs dispute Chrysler's interpretation of Rule 21, contending instead that the joinder rules cannot be used to dismiss a properly joined class representative solely to create jurisdiction when there would otherwise be no legitimate basis for having the matter heard in federal court.

On January 1, 1997, Chrysler filed a motion for leave to conduct limited jurisdictional discovery (Instrument No. 22), which was granted by this Court on March 6, 1997 (Instr. No. 34). Plaintiffs were ordered to provide Chrysler with certain documents relevant to the jurisdictional issue no later than March 17, 1997. The Court also permitted Chrysler to file an additional response to Plaintiffs' motion to remand by April 1, 1997. However, no such response was submitted by Chrysler.

### II.

Removal is governed by 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant or the defendants to the district court of the United States for the district court and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction exists where there is "diversity of citizenship," that is, the suit is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount. 28

U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F.Supp. 339, 340 (S.D.Tex.1996). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994).

■ In determining whether complete diversity exists, the Court will consider the citizenship of all properly joined parties and not simply the citizenship of the parties who are indispensable under Rule 19.[1] *R.W. Sawant & Co. v. Ben Kozloff, Inc.*, 507 F.Supp. 614, 617 (N.D.Ill.1981); 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE, § 3606 (2d ed. 1985). However, "when the party whose presence would destroy jurisdiction is not indispensable, it may be possible for plaintiff to have the action dismissed as to that party and thereby preserve diversity of citizenship." *R.W. Sawant & Co.*, 507 F.Supp. at 617. Chrysler contends that this principal applies in the instant case, providing the Court with discretion under Rule 21 to dismiss the nondiverse dispensable Michigan Plaintiffs.

■ Rule 21 permits parties to be "dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *See* Fed.R.Civ.P. 21; *Lampliter Dinner Theater, Inc. v. Liberty Mutual*, 792 F.2d 1036, 1045 (11th Cir.1986) ("Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court."); *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir.1977) ("The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant."). This rule was adopted to provide courts with a procedural device to cure otherwise fatal pleading defects that result from a party's failure to comply with the technical rules of joinder. *Kerr v. Compagnie De Ultramar*, 250 F.2d 860, 864 (2d Cir.1958); *Society of European Stage Authors & Composers v. WCAU Broadcasting Co.*, 1 F.R.D. 264, 266 (E.D.Pa. 1940). The goal was to avoid multiple litigation, to promote the liberal joinder of parties and to enable courts to determine an action on the merits whenever such a disposition could be obtained without prejudice to the parties. 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1681 (2d ed. 1986). To achieve these objectives, Rule 21 has been liberally employed and not limited in application to only to those cases in which parties were erroneously omitted from the action or misjoined in violation of the joinder provisions of the Federal Rules of Civil Procedure. *Id.* § 1681. For instance, Rule 21 has been invoked, in lieu of requiring a plaintiff to amend his pleadings under Rule 15, to preserve diversity jurisdiction by dropping a nondiverse defendant whose presence is not required by the federal rules for proper resolution of the matter. *See Safeco Ins. Co. v. City of White House, Tennessee*, 36 F.3d 540, 545 (6th Cir.1994); 7 WRIGHT, MILLER & KANE, *supra*, at 1685; *cf.* 4 MOORE'S FEDERAL PRACTICE § 21.02[5][b] (3d ed. 1997) ( "Everything that can be accomplished by court order under Rule 21 can also be accomplished by amending pleadings."). However, Rule 21 has not, as Chrysler contends, been used to dismiss properly joined plaintiffs, despite their objections, solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought. Chrysler conveniently overlooks the well established fact that every potential plaintiff in our dual court system has a choice between a state forum and a federal forum and that it is the plaintiff's privilege to exercise that choice

---

1. In a class action, such as the instant case, diversity is based only on the citizenship of the named representatives and not that of each individual class member. *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969); *In re School Asbestos Litig.*, 921 F.2d 1310, 1317 (3d Cir.1990); *Calagaz v. Calhoon*, 309 F.2d 248, 252 (5th Cir.1962). Although no decision regarding class certification has yet been rendered in the present case, the Court will assume for purposes of deciding whether it has jurisdiction that the suit is a class action. *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 545 n. 1 (9th Cir.1985). Accordingly, diversity jurisdiction will be determined by the citizenship of the properly joined class representatives.

subject only to legal limitations. *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977). "[I]f [the plaintiff] can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so." *Id.* at 406. Only when the nondiverse plaintiff is not a real party in interest may he be dropped from the case under Rule 21 and his citizenship disregarded in determining jurisdiction. *Id.* at 403–06; 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE, § 3641 (2d ed. 1985) ("[I]n cases in which plaintiff attempts to defeat jurisdiction by the joinder of a nondiverse plaintiff, the courts will allow the transaction only if that person is deemed a real party in interest under Rule 17(a).").

■ The "real party in interest" is the person, who under governing law, is in possession of the substantive legal right or interest to be enforced in the litigation. FED. R.CIV.P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."); *Iowa Pub. Serv.*, 556 F.2d at 404; *see also* 4 MOORE'S FEDERAL PRACTICE, *supra* 17.10[1]. Chrysler does not dispute that the Michigan Plaintiffs are real parties in interest. Moreover, the evidence submitted shows that Michigan Plaintiffs Chase and Stein are the legal owners of the Chrysler manufactured vehicles allegedly finished with inferior paint and are thereby entitled under state law to enforce the rights asserted in the instant case. If, as in this case, the nondiverse plaintiffs are real parties in interest, "the fact that [their] joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv.*, 556 F.2d at 404.

■ The citizenship of a party-plaintiff may also be disregarded for purposes of determining whether diversity jurisdiction exists if the removing party can show that the nondiverse plaintiff was fraudulently joined. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Glass Molders, Pottery, Plastics and Allied Workers Int'l v. Wickes Co., Inc.*, 707 F.Supp. 174, 181 (D.N.J.1989). To establish that plaintiffs were fraudulently joined, the defendant must demonstrate by clear and convincing evidence that either (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or (2) there is no possibility that the plaintiffs would be able to establish a cause of action against the defendant in state court. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). The instant case involves the former inquiry; specifically, whether the Michigan Plaintiffs are actually citizens of Michigan or whether their identities were concocted and their joinder simply an improper scheme to avoid federal jurisdiction. In determining whether the defendant has met his burden of proving fraud, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc.*, 663 F.2d at 549. Thus, "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R.Civ.P. 56(b)." *Id.* at 549 n. 9.

Chrysler fails to met its burden of establishing outright fraud in Plaintiffs' pleadings of jurisdictional facts. Chrysler merely argues, without providing any proof of fraud, "why else would the Michigan Plaintiffs travel over 1,200 miles to sue a Michigan corporation?" (Instrument No. 11 at 3). Furthermore, the Court permitted limited discovery on this issue and ordered the Michigan Plaintiffs to produce documents confirming their Michigan citizenship. On March 10, 1997, Michigan Plaintiff Chase produced copies of his Michigan driver's license, a certificate of title for a 1988 Dodge motor vehicle issued on July 5, 1995, listing a residential address in Germfask, Michigan and a voter's registration certificate for the township of Portage, Michigan. Michigan Plaintiff Stein also produced a certificate of title for a Jeep motor vehicle issued on October 27, 1993, which provided an address for Stein in Waterford, Michigan and a current vehicle registration card issued by the state of Michigan. Chrysler produced no evidence in response to show that the documents submitted by the Michigan Plaintiffs were either false or manufactured simply to defeat jurisdiction. Plain-

tiffs' motion to remand will therefore be granted.

Accordingly, Plaintiffs' motion to remand is **GRANTED.** This case is hereby remanded to the 23rd District Court, Brazoria County, Texas.