Craig GARBIE, Ronald Hanus, Michael and Shirley Walsh, and Larry and Beverly Cooley, individually on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CHRYSLER CORPORATION, Defendant.

No. 98 C 2280.

United States District Court,
N.D. Illinois,
Eastern Division.

June 18, 1998.

Michael Jerry Freed, Christopher James Stuart, Much Shelist Freed Denenberg, Ament Bell & Rubenstein, P.C., Chicago, IL, Steve W. Berman, Paul M. Weiss, Hagens & Berman, Seattle, WA, for Craig Garbie, Ronald Hanus, Michael J. Walsh, Shirley Walsh, Larry Cooley, Beverly Cooley, plaintiffs.

Kendall Ray Meyer, Todd A. Rowden, Wilson & McIlvaine, Chicago, IL, for Chrysler Corporation, defendants.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On April 13, 1998, defendant Chrysler Corporation ("Chrysler"), asserting diversity jurisdiction, removed plaintiff's amended class action complaint to this court under 28 U.S.C. § 1446. On May 11, 1998, plaintiffs moved to remand, arguing that Chrysler has failed to establish that the parties are in complete diversity and that the amount in controversy exceeds $75,000. Plaintiffs have also moved to recover attorneys fees and costs as a result of opposing the removal. For the reasons set forth below, plaintiffs' motion is granted, including its request for costs and attorneys' fees.

### FACTS

Plaintiffs Craig Garbie and Ronald Hanus, individually and on behalf of a putative class, filed a lawsuit against Chrysler in the Circuit Court of Cook County, Illinois on March 6, 1998. In their complaint, plaintiffs allege that Chrysler knowingly sold them and members of the putative class vehicles with paint defects, in violation of the Illinois Unfair and Deceptive Trade Practices Act. Specifically, the plaintiffs allege that the paint on their Chrysler-manufactured cars has "delaminated," a process whereby the paint peels off the car. On March 26, 1998, plaintiffs amended their complaint to include as plaintiffs Michael and Shirley Walsh and Larry and Beverly Cooley, all of whom are residents of Michigan. The amended complaint seeks declaratory relief, compensatory and punitive damages, and attorneys' fees for alleged violations of the Illinois Unfair and

Deceptive Trade Practices Act, Michigan's Consumer Protection Act, breach of express warranty, and breach of contract.

On April 13, 1998, Chrysler, asserting diversity jurisdiction, removed plaintiffs' amended complaint to this court under 28 U.S.C. § 1446.[1] On May 11, 1998, plaintiffs moved to remand, arguing that Chrysler has failed to establish that the parties are in complete diversity and that the amount in controversy exceeds $75,000. Plaintiffs have also moved to recover attorneys' fees and costs as a result of opposing the removal. The defendants have opposed this motion, which is currently before this court.[2]

## DISCUSSION

■ To remove a case to federal court, a defendant must establish the jurisdictional requirements with "competent proof," evidence which proves to a reasonable probability that jurisdiction exists. 28 U.S.C. §§ 1332, 1441; *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997). Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. The party seeking removal has the burden of establishing federal jurisdiction. *Doe v. Allied–Signal*, 985 F.2d 908, 911 (7th Cir.1993). Removal from state court is permitted only if federal jurisdiction existed at the time of removal. 28 U.S.C. § 1441(a). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe*, 985 F.2d at 911. Alternatively stated, there is a strong presumption in favor of remand. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

Defendant makes two arguments in support of removal based on federal jurisdiction.

First, it argues that there is diversity of citizenship between Chrysler, a Michigan corporation, and the original plaintiffs, Illinois residents. Defendant alleges that the Michigan plaintiffs who were added to the amended complaint are not necessary parties for purposes of representing the putative class and should therefore be dismissed, thereby preserving diversity of citizenship between the remaining parties. Chrysler's second argument is that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## I. *Diversity of Citizenship*

■ In determining whether complete diversity exists, the court will consider the citizenship of all properly joined parties and not simply the citizenship of the parties who are indispensable under Rule 19. *R.W. Sawant & Co. v. Ben Kozloff, Inc.*, 507 F.Supp. 614, 617 (N.D.Ill.1981); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3606 (2d ed.1984). However, "when the party whose presence would destroy jurisdiction is not indispensable, it may be possible for plaintiff to have the action dismissed as to that party and thereby preserve diversity of citizenship." *R.W. Sawant & Co.*, 507 F.Supp. at 617. Chrysler argues this principal should be applied in the instant case, and that this court should dismiss the Michigan plaintiffs because they are dispensable parties under Rule 19. Chrysler contends that Rule 21 authorizes dismissal of a non-diverse party who is not indispensable to the action.

■ As masters of their complaint, plaintiffs may use Rule 21 to dismiss non-diverse parties from an action to preserve diversity jurisdiction. Rule 21 has not, however, been used in the reverse ". . . to dismiss properly

---

**1.** On April 13, 1998, Chrysler filed a motion before the Judicial Panel on Multidistrict Litigation to transfer this action to the Eastern District of Michigan. In light of the ruling remanding the case, Chrysler's motion to transfer is denied.

**2.** On May 28, 1998, Chrysler filed a motion before this court for leave to conduct limited jurisdictional discovery and to stay the ruling on plaintiffs' motion to remand. That motion is denied because Local Rule 3 requires a defen-

dant seeking to remove an action from Illinois state court to include in its notice of removal a response to an interrogatory or an admission that the amount in controversy exceed $75,000. Chrysler's attempt to establish this now, through requests for production of documents and admissions is improper, because it should have conducted this discovery prior to removal in order to support its assertions regarding citizenship and amount in controversy.

joined plaintiffs, despite their objections, solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought." *Oliva v. Chrysler Corp.*, 978 F.Supp. 685, 688 (S.D.Tex.1997). In *Oliva*, Chrysler attempted to remove the case to federal court using the identical argument it presents before this court. As the court in *Oliva* pointed out, "If [the plaintiff] can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so." Id. at 689, *quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977).

 If a nondiverse plaintiff is not a real party in interest, then he or she may be dropped from the case under Rule 21, and the court can thus disregard his or her citizenship in determining jurisdiction. *Iowa Pub. Serv. Co.*, 556 F.2d at 403–406. A real party in interest is the person who, under governing substantive law, possesses the rights sought to be enforced. *See Illinois v. Life of Mid–America Ins. Co.*, 805 F.2d 763, 764 (7th Cir.1986); Fed.R.Civ.P. 17(a)("Every action shall be prosecuted in the name of the real party in interest"). By all accounts, the Michigan plaintiffs are real parties in interest. They are residents of Michigan who are the legal owners of vehicles manufactured by Chrysler, and they allege these vehicles were finished with a defective paint product. Like the plaintiffs in *Oliva*, these plaintiffs are thereby entitled under state law to enforce the rights they assert. So long as the nondiverse plaintiff is a real party in interest, "the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv. Co.*, 556 F.2d at 403.

Chrysler also contends that the nature of a class action is such that the presence of one named plaintiff over another makes no difference, because a non-named plaintiff who is still representative of the class[3] would be afforded relief as a class member. Chrysler argues that the Michigan plaintiffs are un-

necessary for bringing this action, and are merely an excuse to avoid federal jurisdiction. Again, however, as masters of their complaint, plaintiffs have the right to choose who will be the named parties in the suit. As the district court in *Oliva* held in ordering remand, "Chrysler .conveniently overlooks the well established fact that every potential plaintiff in our dual court system has a choice between a state forum and a federal forum and that it is the plaintiff's privilege to exercise that choice subject only to legal limitations." *Oliva v. Chrysler Corp.*, 978 F.Supp. 685 (S.D.Tex.1997) *citing Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977).

## II. *Jurisdictional Amount in Controversy*

 Because there is not complete diversity between the parties, the court need not address Chrysler's argument that the amount in controversy is met. Nevertheless, the law on this point in this district is well-settled. Removal is proper only where the requisite amount in controversy is manifest from a reasonable reading of the complaint. *Tylka v. Gerber Products Co.*, 1996 WL 341441 at *1 (N.D.Ill. June 18, 1996). It is the defendant's burden to establish the amount in controversy to a reasonable probability. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993). Plaintiffs argue that Chrysler cannot establish the requisite amount in controversy for any named plaintiff.

 A court will generally determine the amount in controversy "by merely looking at plaintiff's state court complaint, along with the record as a whole." *Hasek v. Chrysler Corp.*, 1996 WL 48602 at *2 (N.D.Ill. Feb.5, 1996) *citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993), and *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)(*per curiam*)("the factual allegations of the complaint ... inform the jurisdictional inquiry"). Plaintiffs' complaint specifically pleads that their total claim per person does not exceed $75,000, including interest and any pro-rata award of damages, costs, and attorneys fees.

---

3. Although plaintiffs have not yet moved to certify a class, the court treats this as a certified class action for the purposes of ascertaining federal

jurisdictional. *See Wingard v. Spiegel, Inc.*, 1998 WL 102568 at *3 (N.D.Ill. Feb.23, 1998).

Generally, plaintiffs in a class action cannot aggregate their individual damages to reach the required amount in controversy. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir.1997). "Punitive damages, like compensatory damages, cannot be aggregated for the purposes of satisfying the jurisdictional amount." *Hasek v. Chrysler Corp.*, 1996 WL 48602 at *4. At least one named plaintiff must satisfy the jurisdictional minimum. *Id.* If he does, the court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of other class members that are for less than the jurisdictional amount. *Id.* There is, however, one exception to the general rule against aggregation. "If two or more plaintiffs unite to enforce a single right or title in which they have a common and undivided interest, the amount in controversy is the aggregate in which they each have their undivided share." *Id.* at 608. In a class action, an interest is "common and undivided" where only the class as a whole is entitled to the relief requested. See *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir.1990). But a "class member's rights are separate when they are attempting to obtain relief to which any one of them would be entitled." *Hasek v. Chrysler Corp.*, 1996 WL 48602 at *2. In the instant case, because each member of the putative class has a separate claim for paint damage to his or her vehicle that could be pursued in a separate lawsuit, each plaintiff must satisfy the jurisdictional amount.

It is highly unlikely that any plaintiff's pro rata share of compensatory and punitive damages, even combined with attorneys fees, would exceed $75,000. Plaintiffs' best estimate of their individual total damages is that they will be less than $30,000. Considering that plaintiffs are seeking compensatory damages for the cost of replacing the defective paint to their vehicles, most certainly such damages will be much less than the purchase price of the vehicle.

If a party relies on punitive damages to satisfy the jurisdictional amount in a diversity case, the court must undertake a two part inquiry. *Cadek v. Great Lakes Dragaway Inc.*, 58 F.3d 1209, 1211 (7th Cir.

1995). First, the court must determine whether punitive damages are recoverable as a matter of state law. *Id.* If the answer is yes, the court then must determine whether it is sufficiently certain that an award of punitive damages in addition to the other relief sought would satisfy the jurisdictional amount. *Id.* When a plaintiff, as in the instant case, originally files a complaint in state court, a defendant trying to remove is required to prove to a reasonable probability that more than the required amount is in controversy. *Gabriel v. Mitsubishi Motor Sales of America*, 976 F.Supp. 1154, 1156 (N.D.Ill.1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n. 2 (7th Cir.1993).

In plaintiffs' memorandum in support of motion to remand and for award of attorneys' fees and costs, they hypothetically approximate a figure of $5000 in actual damages to support the contention that, absent aggregation, it would be "near-impossible that any plaintiff's pro rata share of recoverable punitive damages and attorneys fees would catapult his or her recovery over $75,000." At the time plaintiffs filed their amended complaint, they claimed not to know the exact number and identities of class members, but allege that they are "informed and believe that thousands of affected Chrysler cars have been sold in Illinois." Even if one conservatively assumes there are only a total of one thousand members in the entire class, and even if each individual plaintiff in the class was hypothetically awarded $30,000 in compensatory damages and attorneys fees, it would still take $45 million in punitive damages for the pro-rata share of any individual plaintiff's punitive damages, when added to the other damages, to exceed $75,000. As Judge Coar stated in *Hasek v. Chrysler Corp.*, "Only a peppercorn of judicial foresight is required to see that the later two [hypothetical $10 million and $100 million punitive damages awards] punitive damages awards would be excessive no matter how egregious Chrysler's conduct." *Hasek*, 1996 WL 48602 at *4. In that case, the putative class was complaining of inordinate engine idling noise. It would be similarly excessive for a $45 million punitive damages award to

be assessed against Chrysler in this case involving defective paint jobs.

■ Finally, as to attorneys' fees and costs, a number of courts in this district have held that, absent any provision providing that the representative party in a class action may recover attorneys' fees for the class, any recoverable attorneys' fees are to be allocated to the class on a pro rata basis. *Hasek v. Chrysler Corp.*, 1996 WL 48602 (N.D.Ill. Feb.5, 1996); *Estrella v. Boots Company*, 1996 WL 490721 (N.D.Ill. Aug.26, 1996); *In re Amino Acid Lysine Antitrust Litigation*, 1996 WL 164434 (N.D.Ill. Apr.2, 1996).

It is defendant's burden to establish the amount in controversy to a reasonable probability. They have failed to do so for any of the named plaintiffs. Accordingly, plaintiff's motion to remand is granted.

### III. Plaintiffs' Request for Award of Attorneys' Fees and Costs

■ As part of plaintiffs' motion to remand, they seek an order requiring Chrysler to pay their costs and expenses, including attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c) authorizes the court to award costs and expenses, including attorneys' fees, should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. 28 U.S.C. § 1447(c). An award under § 1447(c) requires neither bad faith nor frivolousness on the defendant's part. *LaMotte v. Roundy's, Inc.*, 27 F.3d 314 (7th Cir.1994).

Chrysler has repeatedly raised in a number of courts the same arguments in support of removal, especially regarding the issue of aggregating punitive damages in order to meet the amount in controversy. Two years ago, in the District Court for the Northern District of California, Chrysler escaped having attorneys' fees and costs imposed upon them after unsuccessfully attempting to remove the case. The court noted that, "Defendant [Chrysler] has unsuccessfully raised the same arguments regarding the aggregation of punitive damages in prior cases. The state of the law on this issue is becoming clearer and may be a factor for awarding fees in any subsequent removals by defendant." *Villarreal v. Chrysler Corporation*, 1996 WL 116832 at *11 n. 5 (N.D.Cal. March 12, 1996).

In *H.F. Vegter Excavation Co. v. Village of Oak Brook*, 790 F.Supp. 184 (N.D.Ill.1992), Judge Aspen awarded attorneys' fees and costs to a plaintiff who opposed removal by defendant. Judge Aspen found, "[w]ith minimal research . . . [the defendants] could easily have determined that removal was clearly improper." *Id.* at 186. In *Victor Mendez v. Plastofilm Industries, Inc. and Hung Nguyen*, 1992 WL 80969 at *1 (N.D.Ill. April 15, 1992), Judge Kocoras awarded costs and attorneys' fees, because, "it is clear under settled law that there was no federal subject matter jurisdiction over this case." *Id.* at *3.

The state of the law in this district and the Seventh Circuit is clear on both issues that Chrysler raises in support of removal. Chrysler's unsuccessful attempts to remove in *Villarreal, Oliva,* and *Hasek* should have served as notice that its legal arguments in the instant case do not involve colorable disputes. Specifically, just two years after its defeat in *Hasek,* Chrysler should be well aware that the rule prohibiting aggregation of damages in the Seventh Circuit is clear and settled.

Chrysler cites *Karpowicz v. General Motors Corp.*, 1997 WL 156542 (N.D.Ill. March 28, 1997), to support its contention that unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount, the amount-in-controversy requirement is satisfied. The correct test, however, in a removal case such as this is whether a defendant can show to a reasonable *probability* that more than the required amount is in controversy. *Gabriel,* 976 F.Supp. at 1155. Regardless of whether the "legal certainty" or "reasonable probability" standard is used, Chrysler cannot show the required amount is in controversy. As discussed above, the relief the plaintiffs are seeking, even when combined with punitive damages and attorneys' fees, simply will not come close to exceeding $75,000 per plaintiff.

Finally, Chrysler had at the time of removal, and continues to have, no basis for asserting that there is diversity among the parties. Its attempt to conduct limited jurisdictional discovery is contrary to Local Rule 3, and should have been done in state court prior to removal. Chrysler's continued attempts to remove based on arguments contrary to settled authority is impermissible.

Accordingly, the court directs plaintiffs' attorneys to file an affidavit setting forth in detail their costs and fees, including attorneys' fees, incurred in prosecuting this motion to remand.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for remand is granted. Plaintiffs' motion for attorneys' fees and costs is granted. Plaintiffs shall submit an affidavit to this court, detailing their costs and attorneys' fees, on or before June 30, 1998. Defendants may file a response thereto by July 14, 1998, and plaintiffs may file a reply by July 21, 1998. The court will rule by mail.