Rhonda **FERRY**, Gloria Scott, Bonnie Moore, Juan Ortega, Gladys Penagos, Carla Ramsey, Dawn Riffo, Barbara Roberts, Frances Watchus, Constance Foster, Robert Winegarner, Eddie Woodson, Jude Lincoln, Stephen M. Devore, Carol Goodwin, Robert Moye, Linda Ennis, Plaintiffs,

v.

**BEKUM AMERICA CORPORATION,** Georgia Gulf Corporation, Occidental Petroleum Corp., Defendants.

No. 6:01–CV–987–OR1–31KRS.

United States District Court, M.D. Florida, Orlando Division.

Feb. 22, 2002.

---

Michael R. Hugo, Hugo & Pollack, LLP, Boston, MA, John Robert Overchuck, Overchuck Newsome, LLP, Orlando, FL, Albert C. Flanders, Ashcraft & Gerel, LLP, Boston, MA, for plaintiffs.

David C. Schwartz, Orlando, FL, for Bekum America Corp., defendant.

Terry C. Young, Lowndes, Drosdick, Orlando, FL, for Georgia Gulf Corp., defendant.

Daniel J. Gerber, Rumberger, Kirk, Orlando, FL, for Occidental Petroleum Corp., defendant.

## ORDER

PRESNELL, District Judge.

This matter came before the Court on various motions. Oral argument was heard on January 29, 2002. One motion, Plaintiffs' Motion to Remand (Doc. 64, filed November 13, 2001), is determinative of this action. Having heard argument of counsel and being fully advised in the premises, the Court makes the following ruling.

## I. Background

As a result of the failure of Plaintiffs' counsel to ascertain the citizenship of one of their clients, the Plaintiffs have now objected to the Court's subject matter jurisdiction and have moved to remand this case to state court. Plaintiffs initially filed suit in state court on January 9, 2001, listing each of the Plaintiffs as citizens of Florida. On August 22, 2001, Defendants Crown Cork & Seal, (USA) Inc. and Constar, Inc. ("Constar") filed a notice of removal in this Court on the basis of diversity jurisdiction. While the Plaintiffs had alleged that Constar was a Florida corporation or had its principal place of business in Florida, Constar provided an affidavit along with its removal papers to show that its state of incorporation and principal place of business is in Pennsylvania. Therefore, with this correction, it appeared that diversity jurisdiction existed.

Plaintiffs' counsel[1] have now discovered that one of the Plaintiffs, Frances Watchus, is and has been a citizen of Georgia since 1989, and therefore that the complaint filed in state court did not properly allege her citizenship. Ms. Watchus has submitted an affidavit stating that she is a citizen of Georgia. One of the Defendants, Georgia Gulf Corporation ("Georgia Gulf"), has its principal place of business in Georgia. In light of these facts, the Plaintiffs have argued that complete diversity does not exist between the parties, and that the Court lacks (and indeed never has had) subject matter jurisdiction.

In response, Defendants (Georgia Gulf, Occidental Petroleum, and Bekum America) have filed motions (Docs. 74, 75, 77, and 79) requesting that the Court drop or sever the nondiverse Plaintiff and proceed with the remaining case, citing Rules 19, 20, and 21 of the Federal Rules of Civil Procedure. The Defendants argue that Ms. Watchus is a dispensable party, and the case can therefore proceed without her presence. The Plaintiffs have filed responses in opposition to the Defendants' motions (Docs. 82 and 83).

The Plaintiffs' motion to remand and Defendants' alternative proposal poses the following issue that the Court must determine: whether the lack of subject matter jurisdiction can be cured within the Court's discretion, or whether the case must be remanded. In other words, does the Court have the discretion to drop the nondiverse Plaintiff in order to preserve (or create) subject matter jurisdiction?

## II. Analysis

### A. Removal and Subject Matter Jurisdiction on the Basis of Diversity

A defendant may remove a civil case filed in state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a).[2] Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the action is between the citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). The "existence of federal jurisdiction ordinarily depends on the facts as they exist when the com-

---

1. Local counsel have recently taken control of Plaintiffs' case.

2. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be re- moved by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

   28 U.S.C. § 1441(a).

plaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). In a removal action, removability should be determined based on the plaintiffs' pleadings at the time the notice of removal is filed. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.), *cert. denied,* 531 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000). Because diversity jurisdiction implicates federalism and separation of powers concerns, federal courts must strictly construe the statutory grant of diversity jurisdiction. *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir.2000). In considering the Defendants' proposal, the Court notes that the Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts. . . ." Fed.R.Civ.P. 82.

Applying these principles to this case, the Court lacks subject matter jurisdiction over the case as it currently exists before the Court.[3] Under 28 U.S.C. § 1447(c), if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Defendants, however, oppose the remand and argue that the claims of Ms. Watchus should be severed or dropped under Rules 20 and 21 of the

Federal Rules of Civil Procedure. The Plaintiffs object to this alternative, arguing that the entire case should be remanded.[4]

## B. Rule 21 and Subject Matter Jurisdiction

The Supreme Court has held that while the existence of federal jurisdiction normally depends on the facts as they exist when the complaint is filed, there are exceptions to this principle, including Rule 21 of the Federal Rules of Civil Procedure. *Newman–Green,* 490 U.S. at 830, 109 S.Ct. 2218. Rule 21 provides:

> Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed.R.Civ.P. 21. The Supreme Court has held that courts may dismiss a dispensable nondiverse party to retain jurisdiction. *See Newman–Green,* 490 U.S. at 832–37, 109 S.Ct. 2218 (holding that court of appeals could dismiss nondiverse dispensable defendant); *Iraola & CIA, S.A. v. Kimberly–Clark Corp.,* 232 F.3d 854, 860–61 (11th Cir.2000) (dismissing defendant). As the Supreme Court has indicated, however, the court should carefully consider whether

---

3. Occidental Petroleum notes in its opposition motion that Georgia Gulf has taken the position that Georgia Gulf was not properly served in this case, which may affect the diversity analysis. Georgia Gulf has not argued in this case that it was improperly served, either in its motion to drop or sever the Plaintiff or in its answer filed in this case. Georgia Gulf has only mentioned that there has been some confusion over service of process. The Court will, therefore, include Georgia Gulf's citizenship in this analysis.

4. During the oral argument on this and the other pending motions, all parties, including

the Plaintiffs, agreed that this Court had the discretion to remand the entire case, or to drop and remand the case only as to the nondiverse Plaintiff. The Plaintiffs argued, however, that the Court would abuse its discretion in remanding only the nondiverse Plaintiff. The first question the Court must determine is whether it has subject matter jurisdiction over this case. Finding that it does not, the second question, considered herein, is whether the Court can sever or drop the nondiverse Plaintiff, over the Plaintiffs' objections, to create jurisdiction.

any of the parties will be prejudiced by the dismissal of a nondiverse party. *See Newman–Green,* 490 U.S. at 837–38, 109 S.Ct. 2218.

The Defendants cite *Newman–Green* as well as *Kunica v. St. Jean Financial, Inc.,* 63 F.Supp.2d 342 (S.D.N.Y.1999), *Jaser v. New York Property Insurance Underwriting Ass'n,* 815 F.2d 240 (2d Cir.1987), and *Samaha v. Presbyterian Hospital,* 757 F.2d 529 (2d Cir.1985) (per curiam) in support of their argument that this Court can drop the nondiverse Plaintiff in order to preserve subject matter jurisdiction. None of these cases, however, support dropping a nondiverse *plaintiff, over the plaintiff's objection,* in order to retain (or create) subject matter jurisdiction. In *Jaser* and *Samaha,* the Second Circuit held that the district courts should have allowed the plaintiffs, who had brought suit in federal court, to drop nondiverse, dispensable defendants under Rule 15, governing amendment of pleadings. *Jaser,* 815 F.2d at 243–44; *Samaha,* 757 F.2d at 530–31.

In *Kunica,* the district court considered the plaintiff's motion to remand to state court, after the court had granted summary judgment for the defendants. 63 F.Supp.2d at 345. The plaintiff argued that while it had asserted in its complaint that one of the defendants was a resident of New York, this allegation was incorrect.

*Id.* at 348. In that defendant's removal papers, he indicated he resided in London. *Id.* The court determined that when the judgment was entered, it lacked subject matter jurisdiction over the case because diversity had been destroyed. *Id.* at 349. The court then used Rule 21 to drop the diversity-destroying defendant, since he was dispensable, and preserved its order granting summary judgment for the other defendant. *Id.* at 349–51. The court cited *Newman–Green* and *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), to find that the Supreme Court "has determined that resort to Rule 21 is particularly appropriate where the parties have proceeded through summary judgment or trial before the jurisdictional defect is detected." *Id.* at 350.

In this case, however, while there has been an incorrect assertion of citizenship in the Plaintiffs' complaint, judgment has not yet been entered. Although much judicial labor has been expended, the case is still in its early stages. Therefore, *Kunica* is inapposite.[5]

■ The Defendants have therefore not cited a case which supports their argument that this Court should drop a nondiverse plaintiff, over plaintiffs' objections, to retain (or create) subject matter jurisdiction in this removal action.[6] This Court has discretion under Rule 21 to drop parties.

---

5. The Supreme Court's opinion in *Lewis* similarly does not provide guidance to this Court faced with the situation, before a judgment has been entered, of whether the Court may cure the jurisdictional defect by dropping or dismissing a nondiverse plaintiff, over the objections of plaintiffs, in order to retain jurisdiction. In *Lewis,* the Supreme Court faced the issue of whether the district court's error in failing to remand the case on the basis of lack of diversity burdened and ran with the case, or whether it was overcome by the eventual dismissal of the nondiverse defendant by settlement. 519 U.S. at 70, 117 S.Ct. 467. The case had proceeded to trial against the

diverse defendant, and the defendant prevailed. *Id.* at 66–67, 117 S.Ct. 467. On review, the Supreme Court held that once a diversity case has been tried in federal court, "considerations of finality, efficiency, and economy become overwhelming." *Id.* at 75, 117 S.Ct. 467. Therefore, since the jurisdictional defect had been cured by the time of the judgment, the judgment could stand. *Id.* at 76–77, 117 S.Ct. 467.

6. No party has argued that the Court should dismiss the nondiverse Defendant, Georgia Gulf, to retain jurisdiction.

See *Anderson v. Moorer*, 372 F.2d 747, 750 n. 4 (5th Cir.1967).[7] The Court notes that Rule 21 has been used by plaintiffs to dismiss nondiverse, dispensable defendants from an action brought in federal court to preserve diversity jurisdiction, *see, e.g., Anderson*, 372 F.2d at 750 & n. 4, as well as to dismiss dispensable co-plaintiffs, *see, e.g., LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir.2001). Rule 21, as discussed above, has also been used to preserve subject matter jurisdiction after judgment has been reached. *See Lewis*, 519 U.S. at 75–77, 117 S.Ct. 467; *Kunica*, 63 F.Supp.2d at 350; *see also American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16, 71 S.Ct. 534, 95 L.Ed. 702 (1951) ("There are cases which uphold judgments in district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment.") (footnote omitted).

▪ As other district courts have found, Rule 21 has not been used, however, " '. . . to dismiss properly joined plaintiffs, despite their objections, solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought.' " *Garbie v. Chrysler Corp.*, 8 F.Supp.2d 814, 817–18 (N.D.Ill.1998) (quoting *Oliva v. Chrysler Corp.*, 978 F.Supp. 685, 688 (S.D.Tex.1997)).[8] The fact that the Plaintiffs, who have a choice of a state forum, have objected to severing or dropping the claims of Ms. Watchus weighs against the Defendants' proposal. *See Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 62 F.Supp.2d 1116, 1123 (S.D.N.Y.1999) (distinguishing *Newman–Green* to reject defendants' argument that nondiverse defendants should be dropped, since in *Newman–Green* the *plaintiff*, who had brought suit in federal court, had asked to dismiss the nondiverse defendant); *see also Spann v. Northwestern Mut. Life Ins.*, 795 F.Supp. 386, 390–91 (M.D.Ala.1992) (rejecting defendant's request to drop nondiverse defendant to establish diversity in removed case, since plaintiff had not made this request). Using Rule 21 in the manner Defendants propose would allow a district court to "create" jurisdiction on removal simply by dismissing nondiverse, dispensable plaintiffs against their wishes.[9] The Court accordingly declines to drop Ms. Watchus under Rule 21.

▪ Nondiverse parties will be ignored for diversity purposes, however, if the party is fraudulently joined or is not the real

7. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

8. The present situation is different from *Lampliter Dinner Theater, Inc. v. Liberty Mutual Insurance Co.*, 792 F.2d 1036 (11th Cir.1986), in which the Eleventh Circuit affirmed a district court's *sua sponte* dropping of a plaintiff. In that case, Lampliter had brought suit in state court against its insurer Liberty Mutual, after Lampliter had been found liable in earlier suits for the deaths of two boys who had died in an automobile accident after drinking at Lampliter. 792 F.2d at 1038. Liberty removed the action. *Id.* At some point, Lampliter added as a plaintiff the president and chief stockholder of Lampliter. *Id.* at 1038–39. The district court dropped this new plaintiff, because he had not been named as a party in the earlier suits, and therefore no state judgments had been awarded against him. *Id.* at 1045.

9. In this case, while the Defendants may claim some prejudice by reason of a remand at this stage of the proceedings, dropping or severing Ms. Watchus from the lawsuit may result in actions proceeding in both federal and state court, potentially leading to duplicative efforts and inconsistent results.

party in interest. *Oliva,* 978 F.Supp. at 689. The Eleventh Circuit has held that a defendant's right to remove a case may not be defeated if the joinder of nondiverse parties is fraudulent, or is so egregious as to be fraudulent. *Tapscott,* 77 F.3d at 1359–60.[10] Courts have applied this holding to dismiss a fraudulently joined plaintiff in a removal action. *See Koch v. PLM Int'l, Inc.,* No. Civ. A. 97–0177–BH–C, 1997 WL 907917 (S.D.Ala. Sept. 24, 1997).

In this case, the Defendants have not alleged that Ms. Watchus has been fraudulently or egregiously joined.[11] Rather, they argue that the Plaintiffs do not satisfy Rule 20 governing joinder, and therefore that the Plaintiffs should be severed.[12] The Eleventh Circuit in *Tapscott* specifically stated that "[w]e do not hold that mere misjoinder is fraudulent joinder." 77 F.3d at 1360. In *Tapscott,* the Court agreed with the district court that the attempt to join the parties had been so egregious as to constitute fraudulent joinder, stating:

Although certain putative class representatives may have colorable claims against resident defendants in the puta-

tive "automobile" class, these resident defendants have no real connection with the controversy involving Appellants Davis and West and Appellee Lowe's in the putative "merchant" class action.

*Id.* The joinder of the Plaintiffs in this case is not so egregious as to be fraudulent. In their complaint filed in state court, the Plaintiffs, including Ms. Watchus, allege that they were exposed to toxic substances during the course of their employment at Constar's plant in Orlando.

Absent a showing of fraudulent or egregious joinder, this Court is obligated to remand. In *Perry v. Norwest Financial Alabama, Inc.,* No. Civ. A. 98–0260–CB–C, 1998 WL 964987 (S.D.Ala. Dec. 9, 1998), after finding that one of the defendants was not fraudulently joined, the court stated:

... what American Bankers is attempting to do with its argument that the Court should sever the claims of nondiverse parties is to climb in the window of federal court. Until and unless a situation arises in which there exists complete diversity of citizenship, this court may not sever claims, it may not

**10.** The Eleventh Circuit has recognized joinder as fraudulent in two other situations: (1) there is no possibility that the plaintiff can prove a cause of action against the nondiverse defendant, and (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs,* 154 F.3d at 1287. While the Plaintiffs in this case erroneously stated the citizenship of one of the Plaintiffs, there is no evidence that this error was a result of fraud.

**11.** Georgia Gulf has argued that it is suspicious of the Plaintiffs' allegation that it only recently learned of the Georgia citizenship of Ms. Watchus. Georgia Gulf argues that it is highly unlikely that Ms. Watchus lived in Georgia and worked in Orlando at the same time. While it is not clear how Plaintiffs' counsel mistook the citizenship of one of their Plaintiffs, Ms. Watchus states in her affidavit that she has been a citizen of Georgia since 1989. Plaintiffs' complaint filed in state court

did not indicate the years in which the Plaintiffs worked at the plant. While the Court has assessed the existence of diversity jurisdiction based on the facts and pleadings at the time of removal, the Court notes that in the Second Amended Complaint, filed prior to the Defendants' motions to drop or sever, Ms. Watchus alleges that she worked at the Orlando plant from 1977 to 1986. Thus, it does not appear she is claiming that she worked in Orlando and lived in Georgia at the same time.

**12.** Rule 20 provides in pertinent part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed.R.Civ.P. 20(a).

dismiss parties, it may do nothing but remand this action to the Circuit Court of Marengo County, Alabama.

*Id.* at *3; *see also Spann,* 795 F.Supp. at 391 (rejecting defendant's request to sever the claims, since the court lacked subject matter jurisdiction).

■ Plaintiffs' choice of forum was state court. Had the complaint correctly stated the citizenship of the Plaintiffs, this case could never have been removed. As the Eleventh Circuit has indicated:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.
>
> *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted).

The Court is concerned that this situation is ripe for abuse by plaintiffs' attorneys who may attempt to obtain a second bite at the apple by withholding jurisdictional issues. In this case, though, there is no evidence that Plaintiffs' conduct was fraudulent or taken in bad faith; rather, this situation arose due to sloppy lawyering at the outset. While the Court recognizes that the parties, and the Court, have put in a lot of time and effort into this case, "[n]obody's interest would be served if ... by stretching the law [the Court] found jurisdiction to exist, only to have that position ultimately rejected by [the Eleventh Circuit or] the High Court." *Allendale Mut. Ins. Co.,* 62 F.Supp.2d at 1122 (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 930 (2d Cir.1998)). For these reasons, the

Court will remand the entire action to the state court.

### III.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 64) is **GRANTED.** The Clerk is directed to remand this file to state court.