Gina GABRIEL, and Abdelahad, Isaac, Plaintiffs,

v.

**MITSUBISHI MOTOR SALES OF AMERICA, INC., Defendant.**

No. 97 C 2552.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 16, 1997.

---

Adam Jacobs Krohn, Krohn & Moss, Ltd., Chicago, IL, for Gina Gabriel.

Paul E. Wojcicki, Tracie C. Militano, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, IL, for Mitsubishi Motor Sales of America, Inc.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

### INTRODUCTION

On March 11, 1997, Gina Gabriel ("Gabriel") filed a four-count complaint against Mitsubishi Motor Sales of America, Inc. ("Mitsubishi") in the Circuit Court of Cook County, alleging violations of the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.*, ("the Warranty Act") and Illinois state law in connection with the purchase of an allegedly defective motor vehicle. On April 4, 1997, Mitsubishi filed a notice of removal in this court pursuant to 28 U.S.C. § 1441. The court granted Gabriel leave to file an amended complaint on April 29, 1997. In the amended complaint, Abdelahad Isaac ("Isaac") was added as a plaintiff. Currently, Gabriel and Isaac (collectively "plaintiffs") seek recovery under the Warranty Act for breach of express warranty (Count I) and implied warranty (Count II).[1] Mitsubishi has moved for summary judgment with respect to Gabriel's claims. Because the court lacks subject matter jurisdiction, however, the court does not reach the merits of Mitsubishi's summary judgment motion and the

---

1. Counts III and IV were voluntarily dismissed.

case is remanded to the Circuit Court of Cook County.

## DISCUSSION

■ Although the Warranty Act is a federal statute, federal district courts do not have jurisdiction over a Warranty Act claim "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)...." 15 U.S.C. § 2310(d)(1)(B). In an affidavit attached to Mitsubishi's notice of removal, plaintiffs' attorney Gregory H. Moss asserts Gabriel "seeks money damages greater than $50,-000." Notice of Removal, Ex. B. In the amended complaint, however, plaintiffs claim damages "in an amount equal to the purchase price of the vehicle plus all collateral charges and attorneys' fees incurred by Plaintiffs." Am. Compl. at ¶¶ 27, 36. Plaintiffs assert the price of the vehicle "totaled more than $21,596.60." Id. at ¶ 4. Thus, despite the affidavit, it is not clear that subject matter jurisdiction exists. The court directed the parties to submit simultaneous briefs on the jurisdiction issue. Mitsubishi filed a brief in which it argues subject matter jurisdiction exists. Plaintiffs did not file a brief on the issue and apparently do not object to Mitsubishi's assertion. The parties, however, cannot confer subject matter jurisdiction by agreement. *E.E.O.C. v. The Chicago Club*, 86 F.3d 1423, 1428 (7th Cir.1996) (citing *Sosna v. Iowa*, 419 U.S. 393, 398, 95 S.Ct. 553, 556–57, 42 L.Ed.2d 532 (1975)). The court must make its own determination.

■ Mitsubishi, citing *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995), argues that this court should accept plaintiffs' uncontested good faith allegation of the amount in controversy unless it appears to a "legal certainty" that the amount is insufficient. Mitsubishi, however, incorrectly invokes the test for determining jurisdiction when the plaintiff files her complaint in federal court. In this case, plaintiffs originally filed their complaint in state court. The Seventh Circuit has cautioned that the legal certainty standard:

> should not be confused ... with what a defendant must prove to invoke jurisdiction in a removal action.... We think the Supreme Court dictated the proper standard in *McNutt v. General Motors Accep-*

*tance Corp.*, 298 U.S. 178, [189] 56 S.Ct. 780, [785], 80 L.Ed. 1135 (1936): If [a defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the [defendant] justify [the jurisdictional] allegations by a preponderance of evidence.

*Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n. 2 (7th Cir.1993). The Seventh Circuit continued: "We hold that the test set forth in *McNutt* is satisfied if a defendant in a removal action can show to a reasonable probability that more than [the required amount] is in controversy." *Id.* Thus, Mitsubishi must show to a reasonable probability that plaintiffs' Warranty Act claims are worth $50,000 or more. The removal statute is strictly construed and all doubts are resolved against federal jurisdiction. *Ready Transportation, Inc. v. Best Foam Fabricators, Inc.*, 919 F.Supp. 310, 312 (N.D.Ill.1996).

Plaintiffs have itemized their damages in response to Mitsubishi's interrogatories. They claim to have incurred the following damages:

| | |
|---|---|
| Vehicle Cost: | $21,596.60 |
| Alarm: | $ 200.00 |
| Alternate Transportation: | $ 539.96 |
| Aggravation and Inconvenience: | $15,000.00 |
| Loss of Use: | $ 5,000.00 |
| Other Incidental and Consequential Damages: | Unknown at this time |

Thus, plaintiffs have claimed $42,336.56 in damages, leaving a deficit of $7663.44. Mitsubishi argues the $7663.44 deficit is made up by: (1) other unknown incidental and consequential damages claimed by plaintiffs; (2) insurance premiums paid by plaintiffs; and (3) attorneys' fees. Mitsubishi's argument fails.

■ First, reference to other unknown incidental and consequential damages is sheer speculation. Neither party has given the court any indication as to the possible nature or amount of these damages. The court need not consider these vague claims in its calculation, especially in light of the fact that

the plaintiff has already claimed generous (if not questionable) sums for aggravation and inconvenience ($15,000) and for loss of use ($5000).

 Second, insurance premiums paid by plaintiffs do not appear to be damages resulting from the vehicle's alleged defects. In *Marchionna v. Ford Motor Company*, No. 94 C 275, 1995 WL 549124, at *2 (N.D.Ill. Sept. 8, 1995), this court found the assertion that insurance premiums should be included in the amount in controversy "highly dubious" because, "[i]f Plaintiff had not leased the particular vehicle in question, he would not have gone without any vehicle at all but would have leased (or purchased) some other automobile [and therefore] would have had to pay auto insurance regardless...." Although the *Marchionna* court nevertheless included insurance premiums in the amount in controversy, as Mitsubishi points out, the court did so only because the plaintiff apparently claimed $1200 in insurance premiums in his complaint. *See id.* In this case, plaintiffs do not mention insurance premiums either in their amended complaint or in their response to interrogatories. Therefore, the court finds insurance premiums should not be included in the amount in controversy. Even if the court included insurance premiums paid by plaintiffs, it would not raise the amount in controversy to the required $50,000. Although neither party has indicated how much plaintiffs have paid, the court is certain plaintiffs could not have possibly paid almost $8000 to insure a new vehicle that cost $21,596.60 for approximately two years.

Third, in its argument regarding the inclusion of attorneys' fees, Mitsubishi improperly relies on cases involving diversity jurisdiction under 28 U.S.C. § 1332. The parties in this case are not diverse. The presence of Warranty Act claims provides the only possible basis for jurisdiction. Jurisdiction based on a Warranty Act claim is federal question jurisdiction. *See Haslam v. Lefta, Inc.*, No. 93 C 4311, 1994 WL 117463, at *1–2 (N.D.Ill. March 25, 1994) (distinguishing the treatment of attorneys' fees in the context of diversity jurisdiction under § 1332 and federal question jurisdiction under the Warranty Act). Contrary to Mitsubishi's assertion, attorneys' fees are "costs within the meaning of the [Warranty Act]

... and thus must be excluded from the amount in controversy determination." *Suber v. Chrysler Corp.*, 104 F.3d 578, 588, n. 12 (3d Cir.1997) (citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983) and *Mele v. BMW of North America, Inc.*, No. 93–2399, 1993 WL 469124, at *3 (D.N.J. Nov. 12, 1993)).

### CONCLUSION

Thus, Mitsubishi has failed to show to a reasonable probability that plaintiffs' Warranty Act claims are worth $50,000 or more. The court, therefore, finds the amount in controversy is less than $50,000. Accordingly, the court lacks subject matter jurisdiction over plaintiffs' claims, and the case is remanded to the Circuit Court of Cook County.