**Alfredo FERRER SANTIAGO,
et al, Plaintiffs,**

**v.**

**DAIMLER CHRYSLER CORP.,
et al.  Defendants.**

**No.  CIV.02–1780 (HL).**

United States District Court,
D. Puerto Rico.

March 27, 2003.

Joseph Deliz–Hernandez, Calle Esteban Padilla # 53, Bayamon, PR, for Plaintiffs.

John F. Malley–Vega, Coto, Malley & Tamargo, Myriam Y. Fernandez–Gonzalez, Goldman Antonetti & Cordova, San Juan, PR, for Defendants.

### MEMORANDUM AND ORDER

LAFFITTE, Chief Judge.

Presently before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by co-defendant Daimler Chrysler Corp. ("DCC") on September 5, 2002. (Docket No. 13.) Plaintiffs filed an opposition to said motion on September 18, 2002. (Docket No. 17.) A reply and a sur-reply were also filed. (*See* Dockets No. 21 and 22.)

In their complaint, Plaintiffs Alfredo Ferrer Santiago and his wife, Maria Virginia Rivera, bring forth a breach of warranty claim suit under the Magnuson–Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* Plaintiffs allege that the 2000 Dodge Caravan they purchased from the dealer was defective, and that co-defendants have been unable to repair the vehicle in violation of the warranties. Plaintiffs seek reimbursement for the amount paid for the Dodge Caravan, $29,000.00, plus the interests paid in financing the same. In addition, plaintiffs seek $100,000.00 for consequential damages and $10,000.00 in attorneys fees and costs.

### DISCUSSION

"Although the Warranty Act is a federal statute, federal district courts do not have jurisdiction over a Warranty Act claim 'if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)...'". *Gabriel v. Mitsubishi Motor Sales of America, Inc.,* 976 F.Supp. 1154, 1156 (N.D.Ill.1997)(citing 15 U.S.C. § 2310(d)(1)(B)). *See also,*

*Barnes v. West, Inc.,* 249 F.Supp.2d 737, 739 n. 4 (E.D.Va.2003). Clearly, the $29,000.00, representing the cost of the vehicle, can be computed when satisfying the $50,000.00 minimum jurisdictional requirement. The amount of $10,000 alleged in the complaint for attorney fees and costs, however, can not be computed in this calculation. Attorney fees are 'costs' within the meaning of the MMWA, and as such are excluded from the calculation of the $50,000 minimum jurisdictional amount. *See e.g., Ansari v. Bella Automotive Group, Inc.,* 145 F.3d 1270, 1271–72 (11th Cir.1998)(citing *Suber v. Chrysler Corp.,* 104 F.3d 578, 589 n. 12 (3d Cir. 1997); *Saval v. B.L. Ltd.,* 710 F.2d 1027, 1032–33 (4th Cir.1983); *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir.1984); *Gardynski–Leschuck v. Ford Motor Co.,* 142 F.3d 955 (7th Cir.1998)).

In an effort to meet the jurisdictional minimum requirement established in the MMWA, plaintiffs allege that they have suffered $100,000.00 worth of consequential damages stemming from "endless headaches, disappointments, mental anguish and other inconveniences." (*See* Docket No. 1, Complaint.) Plaintiffs' contention is problematic because the warranty in question expressly excludes incidental and consequential damages. Defendants have pointed out, and the plaintiffs do not contest, that the Warranty Manual of the 2000 Dodge Caravan specifically excludes incidental and consequential damages. (*See* Docket No. 16, Exhibit 1.) Section 104(a)(3) of the MMWA, 15 U.S.C. § 2304(a)(3) allows manufacturers to expressly exclude consequential damages in their warranties. *See also, Rodriguez v. Colon,* 248 F.3d 1127, 2000 WL 1597830 *1 (1st Cir.2000)(unpublished opinion). Therefore, plaintiffs are subject to the provi-

sion in their warranty excluding consequential damages.

■ It should be noted that in their complaint plaintiffs mention diversity as another basis for this Court's jurisdiction. Plaintiffs, however, have failed to mention a state cause of action in their complaint.[1] Even if damages could be as high as $29,000.00, the amount paid for the vehicle, it is hard to see how plaintiffs' generalized and conspicuously deficient allegations of damages could amount to the $46,000.00 needed to meet the jurisdictional minimum in diversity suits of $75,000.00. Therefore, the Court lacks subject matter jurisdiction over this controversy.

## CONCLUSION

In view of the aforementioned, the Court finds that plaintiffs have not stated a "cognizable" claim under the Magnuson–Moss Warranty Act. 15 U.S.C. § 2310(d)(3)(B). Because this court does not have subject matter jurisdiction over this action, defendants' Motion to Dismiss (Docket No. 16) is hereby **GRANTED**. The Court, thus, dismisses this case in its entirety. Judgment will be entered accordingly.

IT IS SO ORDERED.

---

1. The Court notes that even though the defendants point to the infirmities in plaintiffs' complaint, the plaintiffs never asked for leave to amend the same. In fact, plaintiffs' opposition to defendants' motion to dismiss, lacked any reference to a state cause of action or to the specific damages incurred by the plaintiffs in an effort to sustain the jurisdictional requirement in diversity suits of $75,000.00.