Jason CURRY, Plaintiff,

v.

PLEASURECRAFT MARINE ENGINE COMPANY, Defendant.

Case No. 13–03139–CV–S–GAF.

United States District Court,
W.D. Missouri,
Southern Division.

June 24, 2013.

Adam C. Maxwell, Krohn & Moss, Ltd., Chicago, IL, Raymond E. Probst, Jr., The Probst Law Firm P.A., Kansas City, KS, for Plaintiff.

Kenneth J. Rubin, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, Matthew James Growcock, Lowther Johnson, LLC, Springfield, MO, for Defendant.

## ORDER

GARY A. FENNER, District Judge.

Presently before the Court is Plaintiff Jason Curry's ("Plaintiff") Motion to Remand. (Doc. # 11). Defendant Pleasurecraft Marine Engine Company ("Defendant") opposes. (Doc. # 15). For the reasons set forth below, Plaintiff's Motion is GRANTED.

## DISCUSSION

### I. FACTS

Plaintiff filed his Petition in the Circuit Court of Taney County, Missouri on March 5, 2013. (Doc. # 1–1). On April 9, 2013, Defendant removed Plaintiff's Petition to this Court, stating the Court had federal question jurisdiction over Plaintiff's claims. (Doc. # 1). Defendant argues federal question jurisdiction is present because Plaintiff's claims arise under the Mangunson–Moss Warranty Act (the "Act"), 15 U.S.C. § 2301 *et seq.* (*Id.*). According to Defendant, jurisdiction is proper because the amount in controversy exceeds $50,000, as required by the Act. (*Id.*).

On or about April 21, 2007, Plaintiff purchased a 2007 Super Air Nautique 210 (the "Boat") for $62,000. (Petition ¶¶ 3–4). Defendant was the manufacturer of the Boat. (*Id.* ¶ 1). Plaintiff claimed the Defendant issued a three-year written warranty and an implied warranty of merchantability. (*Id.* ¶¶ 6, 8). Shortly after

Plaintiff took possession of the Boat, Plaintiff alleged he experienced "various nonconformities/defects ... that substantially impair[ed] the use, value and/or safety of the [Boat]." (*Id.* ¶ 7). According to Plaintiff, he attempted to repair the non-conformities or defects on multiple occasions but they remain uncorrected. (*Id.* ¶ 10). Plaintiff revoked acceptance of the Boat, which Defendant refused. (*Id.* ¶¶ 16, 18). In Plaintiff's Petition, Plaintiff alleged two (2) causes of action against Defendant under the Act: breach of a written and implied warranty. (Petition). As relief for both counts, Plaintiff requested "return of all monies paid, diminution in value of the [Boat], [i]ncurred and/or needed costs of repair and all incidental and consequential damages incurred." (*Id.* ¶¶ 31(a), 40(a)).

## II. LEGAL STANDARD

██ Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir.2009). A federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir.2000) (citing 28 U.S.C. § 1441(b)). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.2010) (citation omitted). The Court must resolve all doubts about federal jurisdiction in favor of remand to state court. *Id.* (citation omitted).

## III. ANALYSIS

██ "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097

(2006). Section 1331 provides for federal question jurisdiction. *Id.* When determining whether federal question subject-matter jurisdiction exists under § 1331, a court looks to whether the case "arises under" federal law. 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, —— U.S. ——, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (citation omitted).

The Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply ... under a written warranty [or] implied warranty ... may bring suit for damages and other legal and equitable relief" in a state or federal district court. 15 U.S.C. § 2310(d)(1). Plaintiff appears to plead facts arising under the Act. (Petition). However, jurisdiction in this Court is only proper if the sum or value of Plaintiff's claims is at least $50,000, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d)(3)(B). Accordingly, Defendant bears the burden to prove by a preponderance of the evidence that the amount in controversy is at least $50,000 for this Court to have proper subject-matter jurisdiction. *See Dembski v. Am. Honda Motor Co.*, No. 06–6060–CV–SJ–REL, 2006 WL 2331178, at *2 (W.D.Mo. Aug. 10, 2006) ("With jurisdiction premised on the Magnuson–Moss Warranty Act, [the party that removed the action] must show that the amount in controversy is at least $50,000" (citing 15 U.S.C. § 2310)).

██ Although the Eighth Circuit has not discussed how to determine the amount in controversy under the Act, other circuit courts, including the Third, Sixth, and Seventh, and district courts in the Eastern and Western Districts of Missouri, have determined that the formula for calculating damages under the Act is: the price of a replacement vehicle, minus

both the present value of the allegedly defective vehicle and the value that the plaintiff received from the use of the allegedly defective vehicle.[1]  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir.2004) (citations omitted); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir.2004) (citation omitted); *Baker v. Auto Stop, Inc.*, No. 4:12–CV–00244, 2012 WL 3762047, at *1 (E.D.Mo. Aug. 29, 2012) (citations omitted); *Dembski*, 2006 WL 2331178, at *2 (citations omitted).

■ According to Defendant, Plaintiff's claim for consequential and incidental damages should be considered when determining the amount in controversy. (Doc. # 15, p. 4).  Under the Act, damages for economic loss may be used to satisfy the amount in controversy.  *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir.1984).  Further, some courts have included consequential and incidental damages when determining the amount in controversy.  *See Howton v. Winnebago, Inc.*, No. 04 C 8349, 2005 WL 1500926, at *1 (N.D.Ill. June 13, 2005) (considering incidental damages); *Gabriel v. Mitsubishi Motor Sales of Am., Inc.*, 976 F.Supp. 1154, 1156–57 (N.D.Ill.1997) (including known consequential and incidental damages).  However, some courts have not included consequential and incidental damages.  *See Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957–58 (7th Cir. 1998) (discussing that consequential and incidental damages should not be included because the warranty excluded those damages and the relevant state law did not permit them); *Ferrer Santiago v. Daimler Chrysler Corp.*, 265 F.Supp.2d 171, 172–73 (D.P.R.2003) (refusing to include consequential and incidental damages because the warranty specifically excluded them).

Neither party argues that relevant state law or the warranty agreement excludes such damages.

■ Nonetheless, this Court need not determine if consequential and incidental damages should be included in the amount-in-controversy calculation because Plaintiff's claim for consequential and incidental damages is too vague and speculative.  *See Gabriel*, 976 F.Supp. at 1156–57 (stating unknown consequential and incidental damages were too speculative in include); *Rose v. A & L Motor Sales*, 699 F.Supp. 75, 76 (W.D.Pa.1988) (noting that the plaintiff's claim for consequential damages was too vague to include).  Neither party offered any specific amount as to what Plaintiff's potential consequential and incidental damages might be.  Defendant merely relies on Plaintiff's prayer for relief that requests such damages with no specific figure.  Defendant's assertion that the Court should consider Plaintiff's claim for consequential and incidental damages is not proper because Plaintiff's blanket request for such damages is too speculative and vague to rely on when determining amount in controversy.  Accordingly, the Court will not consider consequential and incidental damages.

Using the above-articulated formula, Defendant must demonstrate by a preponderance of the evidence that Plaintiff's damages are at least $50,000.  The parties agree the cost of a replacement boat is $62,000.  (Doc. # 12, p. 5; Doc. # 15, p. 3).  To meet the threshold $50,000, Defendant must demonstrate the present value of the allegedly defective Boat, combined with the value Plaintiff received from the Boat, is $12,000 or less—$62,000 minus $12,000 or less equals at least $50,000.  Defendant relies on statements within Plaintiff's Peti-

---

**1.** The parties agree that this is the proper calculation used when determining amount in controversy under the Act. (Doc. # 12, p. 4; Doc. # 15, p. 3).

tion to demonstrate the present value of the Boat and the value Plaintiff received from the Boat. (*Id.* at 3–4). In his Petition, Plaintiff alleged that shortly after taking possession of the Boat, he experienced certain defects, that the defects in the Boat "substantially impair[ed] the use, value and/or safety of the [Boat]," and that the Boat was in a "defective and unmerchantable condition." (Petition ¶¶ 7, 14, 19, 38). Based on these assertions, Defendant argues Plaintiff "has not received much, if any, value from the use of the [B]oat" and "that the [B]oat is presently worthless." (Doc. # 15, p. 4). Defendant equates "unmerchantable" with "worthless." According to Defendant, because Plaintiff received little to no value from the Boat and it is presently worthless, the amount in controversy necessarily exceeds $50,000—$62,000, minus the combination of a worthless Boat and the little to no value Plaintiff received from the Boat, equals some amount more than $50,000. (*Id.* at 5). However, Defendant's argument is unavailing.

■ "Merchantable" means "[f]it for sale in the usual course of trade at the usual selling prices." Black's Law Dictionary, 1076 (9th ed. 2009). Whether a good is "fit for sale" is a description of that good's quality rather than its value. *See W.H. Edgar & Son v. Grocers' Wholesale Co.*, 1 F.2d 219, 221 (8th Cir.1924) (citation omitted) (discussing that "merchantable" referenced the quality of the good). As Plaintiff alleged, the Boat had an uncorrected defective engine. (Petition ¶ 11(a)). Such a defect might make the Boat unfit for sale or "unmerchantable." Further, understanding "unmerchantable" to reference the quality of the Boat comports with how Plaintiff used the word in his Petition. For instance, Plaintiff described the quality of the Boat when he claimed "[t]he [Boat] remains in a defective and unmerchantable condition." (*Id.* ¶ 19). While a poor quality Boat may necessarily correlate with a less valuable Boat, quality and value are not synonymous. Accordingly, Defendant's reliance upon the word "unmerchantable" in Plaintiff's Petition as Defendant's basis that the Boat is presently worthless is unwarranted.

Defendant offers no other dollar amounts as to the value Plaintiff received from the Boat or the Boat's present value. Thus, Defendant has not demonstrated by a preponderance of the evidence that the present value of the Boat, combined with the value Plaintiff received from the Boat, is $12,000 or less. Thus, Defendant failed to meet the $50,000 threshold amount. Because Defendant has failed to meet its burden, Defendant did not demonstrate this Court has subject-matter jurisdiction over Plaintiff's claims and remanding to state court is appropriate.[2]

### CONCLUSION

Under the Act, Defendant has the burden to demonstrate the replacement cost of the Boat, minus the combination of the present value of the allegedly defective Boat and the value Plaintiff received from the Boat, was at least $50,000. Defendant failed to meet that burden. Because De-

---

**2.** Defendant notes that the parties are diverse in citizenship but does not argue that diversity jurisdiction exists. (Doc. # 15, pp. 1–2 n. 1). Further, Plaintiff does not argue jurisdiction is premised on diversity in his Petition. (*See* Petition). However, even if Defendant attempted to argue diversity jurisdiction exists, the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332. The only concrete figure offered by the parties is the purchase price of the Boat for $62,000. Since all other damage calculations currently are too vague and speculative in include, the jurisdictional amount falls short of the $75,000 requirement. Accordingly, this Court lacks diversity subject-matter jurisdiction, as well.

fendant did not demonstrate the required jurisdictional amount, Defendant did not demonstrate this Court has subject-matter jurisdiction over the present case. Accordingly, for these reasons and the reasons set forth above, Plaintiff's Motion is GRANTED and the above-captioned case is REMANDED to state court.